DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LINA DURAN,**
Appellant,

v.

**CITY OF HALLANDALE BEACH,** and
**HALLANDALE BEACH COMMUNITY REDEVELOPMENT AGENCY,**
Appellees.

No. 4D2024-0659

[July 8, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 062020CA000033AXXXCE.

Gary A. Costales of Law Office of Gary A. Costales, P.A., Miami, for appellant.

Christopher J. Stearns, and Jonathan H. Railey of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Fort Lauderdale, for appellee Hallandale Beach Community Redevelopment Agency.

### *ON CONCESSION OF ERROR*

PER CURIAM.

In the proceedings below, guided by an opinion of this court interpreting section 760.11, Florida Statutes (2019), a provision of the Florida Civil Rights Act ("FCRA"), the trial court dismissed the appellant's suit. The trial court's ruling was proper at that time, as it was bound by this court's decision. *See Pardo v. State*, 596 So. 2d 665, 667 (Fla. 1992) ("[I]f the district court of the district in which the trial court is located has decided the issue, the trial court is bound to follow it." (quoting *State v. Hayes*, 333 So. 2d 51, 53 (Fla. 4th DCA 1976))).

Subsequently, the Florida Supreme Court disagreed with our interpretation and quashed our opinion. Accordingly, we reverse the dismissal and remand for further proceedings.

The appellant challenges the dismissal of her suit alleging causes of action for violation of the FCRA via retaliation, national origin discrimination, and sex discrimination. She attached to her complaint the Charge of Discrimination which she had presented to the United States Equal Employment Opportunity Commission ("EEOC"), where she indicated the discrimination was based on sex, national origin, and retaliation, and asserted her belief that "I have been discriminated against on the basis of my national origin/Colombian, my gender/female, and in retaliation for complaining about Mr. Earle, in violation of the Title VII of the Civil Rights Act of 1964, as amended." The Charge of Discrimination further stated, "I want this charge filed with both the EEOC and the State or local Agency, if any."

The trial court properly dismissed the suit based on our opinion in *Belony v. North Broward Hospital District*, 374 So. 3d 5 (Fla. 4th DCA 2023), where we held that "when a [charge of discrimination] only and specifically alleges a violation of federal law, the act of dually filing the charge with the [Florida Commission on Human Relations] is insufficient to comply with the requirements of section 760.11, Florida Statutes (2019)." *Id.* at 8. Subsequently, the Florida Supreme Court held that "the aggrieved party is not required to identify the FCRA in a dual-filed complaint that specifically references federal law to exhaust administrative remedies," and disapproved our *Belony* opinion. *Steak N Shake, Inc. v. Ramos*, 415 So. 3d 107, 113 (Fla. 2025).

We accept the appellee's concession that, based on the facts of this case and the *Steak N Shake* opinion, reversal is required.

*Reversed and remanded for further proceedings.*

CIKLIN, CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

2